IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B.A., J.J., J.E., D.M. and C.R.,

                     Plaintiffs,                OPINION and ORDER

      v.                                     09-cv-346-bbc

BRIAN BOHLMANN,
DAVID BURNETT and
JEANNIE ANN VOEKS,
each in his or her individual capacity,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil rights case brought pursuant to 42 U.S.C. § 1983, plaintiffs B.A., J.J., J.E., D.M. and C.R. allege that defendant Brian Bohlmann sexually assaulted each of them during their separate medical examinations and that defendants David Burnett and Jeannie Ann Voeks failed to protect plaintiffs from the known danger of sexual assault from Bohlmann. Now before the court are defendant Bohlmann's motions to stay and sever the case and for a related protective order and motions to intervene filed by Wisconsin Health Care Liability Insurance Plan and the State of Wisconsin.

      Addressing the motions to intervene first, I will grant those motions. Rule 24(a)(2)

1

of the Federal Rules of Civil Procedure requires a court to permit intervention for proposed intervenors who "claim[] an interest relating to the property or transaction that is the subject of the action" and who are "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Each proposed intervenor may be required to pay if defendant Bohlmann is held liable: Wisconsin Health Care Liability under its policy and the state under Wis. Stat. § 895.46(1)(a). Their liability will depend on defendant Bohlmann's actions and how they are characterized. Because no other party has an interest in determining whether Bohlmann's actions were within the scope of Wisconsin Health Care Liability's coverage or the scope of his employment for the state, each proposed intervenor has a right to intervene in this case. Therefore, I will grant the motions to intervene.

Next, defendant Bohlmann has moved to sever the separate claims brought by plaintiffs into separate cases, contending that the claims are not properly joined pursuant to Fed. R. Civ. P. 20(a) and, in the alternative, that severance is proper under Fed. R. Civ. P. 20(b) to avoid prejudice and jury confusion. I will deny this motion. Plaintiffs may join in a single action under Rule 20(a) so long as their claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and includes one or more "question[s] of law or fact common to all plaintiffs." In this case, plaintiffs each allege that Bohlmann sexually assaulted them while performing medical examinations on them and each contends

2

that the remaining defendants knew about the risk of sexual assault and failed to protect plaintiffs. Although Bohlmann points out that each medical examination was separate, I conclude that plaintiffs' claims arise out of a single "series" of transactions: Bohlmann's allegedly sexually improper behavior during medical examinations and the remaining defendants' alleged failure to adequately respond to what they knew about Bohlmann. (For example, plaintiffs allege that each of their separate medical examinations occurred after defendant Burnett had ordered that Bohlmann not be allowed to perform pelvic examinations without a nurse present.)

Rule 20(b) allows a court to enter orders, such as for separate trials, "to protect a party against embarrassment, delay, expense, or other prejudice" resulting from joinder. I am not persuaded that severance is proper in this case. Although each plaintiff's claims are separate, evidence related to each claim is likely admissible for the purpose of determining the other claims. Fed. R. Ev. 404(b) (other bad acts admissible to show intent or absence of mistake). To the extent the record develops in such a way as to support Bohlmann's argument that the separate claims should not be tried together, that matter can be addressed as trial approaches. At this time, I will deny defendant Bohlmann's motion to sever the case.

Next, defendant Bohlmann moves to stay the case on the ground that he is facing criminal charges for similar allegations of misconduct. (On a related note, defendant Bohlmann filed a motion for a protective order for the purpose of staying discovery until this

3

motion was decided. Plaintiffs agreed that discovery would be stayed until Bohlmann's motion to stay was decided. In light of today's ruling, the motion for a protective order is now moot.) There are a number of problems with Bohlmann's request. First, he does little to support his request for a stay besides pointing out that he may be required to give up his Fifth Amendment rights in the criminal proceedings to avoid having negative inferences drawn in the civil case, which could hurt his chances of prevailing in this case. Bohlmann makes the point three different ways, Def.'s Br., dkt. #16, at 4-5, but it remains the same point. As the Court of Appeals for the Seventh Circuit has explained, the mere fact that a defendant faces choosing between "preserving his privilege against self-incrimination and losing the civil suit," does not require a court to stay civil proceedings. U.S. v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, Wis., 943 F.2d 721, 729 (7th Cir. 1991) (quoting United States v. Little Al, 712 F.2d 133, 136 (5th Cir. 1983)). A case should be stayed only if the defendant can show "'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" Id.

However, even if Bohlmann had some grounds for a stay other than his Fifth Amendment dilemma, other facts weigh against a stay. First, this indefinite stay would prejudice plaintiffs. Delays could reduce the chance of enforcing any judgment against Bohlmann (whose insurers are attempting to establish that they have no duty to indemnify and whose ability to gain future earnings is endangered by the criminal proceedings) and run

4

the risk of allowing witnesses to disappear and memories to fade, all of which would impair plaintiffs' ability to litigate their case. Moreover, plaintiffs are proceeding against two other defendants who are not facing criminal charges. Plaintiffs would be faced with the choice of putting their case against those defendants on hold as well, or double their litigation.

Second, defendant fails to mention that none of the plaintiffs in this case are complainants in the pending criminal case and fails to describe any overlap between the cases, except to say that they involve "similar allegations." It is possible that statements in this case could lead to further criminal charges involving plaintiffs as complainants, but defendant does not even suggest that such charges are on the horizon. At any rate, Bohlmann has likely whittled away some or all of his Fifth Amendment protections regarding the matters at issue in this case by making statements in his answer to plaintiffs' allegations that describe his version of those events. Because defendant Bohlmann has failed to show that his case involves "special circumstances," I will deny his motion to stay.

One final matter requires attention. Wisconsin Health Care Liability contends that it has no duty to defend Bohlmann under the terms of its coverage and has indicated that it will be seeking to stay the case and move for a judgment on the pleadings to address its duty to defend and indemnify. At this stage, the question of indemnity is not ripe, but the duty to defend should be addressed before the case proceeds further. To insure that this case proceeds efficiently, Wisconsin Health Care Liability may have until October 29, 2009 to

5

file that motion and the supporting brief. Fed. R. Civ. P. 12(c) (motion for judgment on pleadings must be filed "early enough not to delay trial").

ORDER

IT IS ORDERED that

1. The motions to intervene filed by Wisconsin Health Care Liability Insurance Plan and the State of Wisconsin, dkts. ##10 and 20, are GRANTED. Wisconsin Health Care Liability Insurance Plan may have until October 29, 2009 to file a motion for judgment on the pleadings with respect to its duty to defend defendant Brian Bohlmann. Defendant Bohlmann may have until November 19, 2009 in which to file any opposition to that motion and Wisconsin Health Care Liability may have until November 30, 2009 in which to file a reply in support of its motion.

2. Defendant Bohlmann's motions to sever the case, dkt. #13, to stay proceedings,

dkt. #15, and for a protective order, dkt. #23, are DENIED.

Entered this 8th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7